IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

MEADOWORKS, LLC, et al.,

                Plaintiffs,

v.                                      CIVIL ACTION NO. 5:07-cv-00659

KAYE CRONE

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs Meadoworks, LLC, and Hubert L. Workman's Motion for Contempt [Docket 56].

*I. BACKGROUND*

This action originally was filed in the Circuit Court of Greenbrier County, West Virginia, on October 12, 2007. Defendant Kaye Crone removed this action on October 19, 2007, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). The Court granted Plaintiffs' motion to remand the matter to the Greenbrier Circuit Court on April 18, 2008. Finding that Defendant lacked an objectively reasonable basis for the removal, the Court determined that Defendant should bear the cost of Plaintiffs' attorneys' fees and costs in accordance with 28 U.S.C. § 1447(c). By Order dated July 28, 2008, Defendant was directed to pay Plaintiffs $3,423.80 in attorneys' fees and costs by August 31, 2008.

Shortly after the August 31 deadline passed without payment of the attorneys' fees, Plaintiffs filed their first motion for contempt. The Court held a hearing on the contempt motion on December 8, 2008. On January 23, 2009, after receiving additional memoranda from the parties concerning issues raised at the hearing, the Court issued an Order denying the motion for contempt. However, the Order stated in no uncertain terms that further delay in complying with the previous order to pay Plaintiffs' attorneys' fees would not be tolerated. The warning was ignored.

On February 11, 2009, Plaintiffs filed the pending motion for contempt. In the motion, Plaintiffs represent that Defendant's counsel "advised that they have no intention of complying with this Court's Order." (Doc. 56 at 1.) Defendant has not responded to the motion.

## *II. DISCUSSION*

"The power to punish for contempts is inherent in all courts; its existence is essential to the preservation of order in judicial proceedings, and to the enforcement of the judgments, orders, and writs of the courts, and consequently to the due administration of justice." *Ex parte Robinson*, 86 U.S. (19 Wall.) 505, 510 (1873). The power to find a party in contempt survives the termination of the suit and may be exercised subsequent to the dismissal of the action.[1] *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990). Based on the nature and gravity of the contempt, it may be treated as civil or criminal. The purpose of civil contempt is "remedial, and for the benefit of the

---

[1] Similarly, "[t]he award of fees pursuant to section 1447(c) is collateral to the decision to remand," and courts retain jurisdiction after remand to address all collateral issues. *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 446 (9th Cir. 1992); *accord Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1258 (3d Cir. 1996). This principle holds true whether the case is remanded for a procedural defect or for want of subject matter jurisdiction. *See Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 252, 255–57 (6th Cir. 1997) (holding that district court had jurisdiction to address attorneys' fees under § 1447(c) subsequent to remanding the case for lack of subject matter jurisdiction).

complainant," whereas the purpose of criminal contempt is "punitive, to vindicate the authority of the court." *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 441 (1911). Generally, civil contempt is appropriate where the contemnor refuses to comply with an order of the court, and criminal contempt is appropriate where the contemnor does an act forbidden by the court. *See id*. at 443. Defendant's conduct falls into the former category.

As Defendant's conduct in this case is addressable in the context of civil contempt, the purpose of the any contempt order should be to benefit the Plaintiffs. The Court has broad discretion to fashion a sanction for civil contempt that provides "full remedial relief" to the aggrieved party. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 193–94 (1949). Ideally, such an order should coerce Defendant to comply with her obligation to pay the outstanding attorneys' fees. Or, if coercion appears to be ineffective, the order should provide Plaintiffs with other means to recover the fees owed to them.

There is no statute addressing courts' civil contempt authority, but the criminal contempt statute, 18 U.S.C. § 401, is often cited as a source for available sanctions. Section 401 provides: "A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." The purpose of fines to remedy civil contempts is to coerce compliance with the order and to compensate the aggrieved party. *See In re Gen. Motors Corp.*, 61 F.3d 256, 258 (4th Cir. 1995). Accordingly, courts commonly order the contemnor to pay a per diem penalty until the obligation is satisfied. *See, e.g.*, *Petersen v. Douglas County Bank & Trust Co.*, 967 F.2d 1186 (8th Cir. 1992) (affirming a district court's imposition of a $100 per day civil contempt penalty until party complied with court's order); *JTH Tax, Inc. v. Lee*,

540 F. Supp. 2d 642 (E.D. Va. 2007) (giving contemnor 10 days to comply with order, followed by a $500 per day penalty until contempt purged); *Christian Sci. Bd. of Dirs. of the First Church of Christ, Sci. v. Robinson*, 123 F. Supp. 2d 965 (W.D.N.C. 2000) (imposing $250 per day penalty until party complied with court's judgment). Additionally, the contemnor may be ordered to pay interest at the judicial rate from the date of the order imposing the obligation until the obligation is satisfied. *See In re Gentry*, 275 B.R. 747, 753 (Bankr. E.D. Va. 2001). If the contemnor's disregard of the court's orders was "willful," sanctions may include reimbursement for losses, reasonable attorney's fees, and costs incurred in bringing the motion for contempt. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991); *see also In re Gen. Motors Corp.*, 61 F.3d at 259. For more egregious conduct, the contemnor may be imprisoned indefinitely until he complies with the court's order. *Int'l Union, UMWA v. Bagwell*, 512 U.S. 821, 828 (1994).

Defendant's actions, although obstinate and inexcusable, do not warrant the extraordinary sanction of indefinite imprisonment. This limits the Court's options to imposing additional fines and monetary penalties on Defendant were she to be found in contempt.[2] Given Defendant's previous conduct throughout the course of this litigation—chiefly, that the threat of sanctions has had no apparent effect on Defendant's conduct thus far—the Court is not convinced that additional financial penalties would have the desired coercive effect on Defendant, nor would they provide relief to Plaintiffs. At the hearing held December 8, 2008, Defendant averred that she did not

---

[2] Unless the contempt occurs within the presence of the judge, a court cannot summarily find a party in contempt. *Int'l Union*, 512 U.S. at 833. The alleged contemnor is entitled to a measure of due process, which includes notice, an opportunity to be heard, and representation by counsel. *See Richmond Black Police Officers Assoc. v. Richmond*, 548 F.2d 123, 128 (4th Cir. 1977); *In re Kilgo*, 484 F.2d 1215, 1221 (4th Cir. 1977).

possess the financial resources to comply with the Court's order. Plaintiffs disputed this claim.[3] Defendant also has advanced the argument that Plaintiff Meadoworks, LLC, is legally obligated to pay the Court's award of attorneys' fees on her behalf. (Docs. 45, 52.) If Defendant continues to adhere to these positions—each of which provides a handy excuse to withhold payment of the attorneys' fees award—it stands to reason that additional monetary penalties are not likely to affect her behavior.

The primary purposes of civil contempt sanctions, which are to coerce compliance with the Court's orders and to benefit the aggrieved complainant, will be ill-served by the sanctions available. However, the objective of giving Plaintiffs the benefit of the attorneys' fees award may be served by other means—namely, through the rights afforded to judgment creditors under state law. Converting the prior award of attorneys' fees to a judgment would provide Plaintiffs with effective means to recover the monies wrongfully withheld by Defendant. *Cf. Jacobson v. Pettersson*, C06-117MJP, 2007 U.S. Dist. LEXIS 36196 (W.D. Wash. May 17, 2007) (converting sanctions to judgment as alternative to contempt sanctions).

To give Plaintiffs the benefit of a judgment, the Court will convert the attorneys' fees award to a judgment in their favor in the amount of $3,423.80. Furthermore, to compensate Plaintiffs for Defendant's undue delay, and recognizing that the attorneys' fee award could have been entered as

---

[3] A "present inability to comply" is a defense to civil contempt. *United States v. Rylander*, 460 U.S. 752, 757 (1983). The alleged contemnor bears the burden of proving that compliance with the order is "factually impossible." *Id.* Financial inability to pay a court-imposed obligation falls within the scope of the impossibility defense. *United States v. Butler*, 211 F.3d 826, 831–32 (4th Cir. 2000). However, self-induced inability to comply or failure to make a good faith effort to comply may vitiate the inability defense. *See Chicago Truck Drivers Union Pension Fund v. Bhd. Labor Leasing*, 207 F.3d 500, 506 (8th Cir. 2000).

a judgment in the first instance,[4] the order will be entered nunc pro tunc as of July 28, 2008, with interest at the applicable statutory rate.

### III.  CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Contempt [Docket 56] is **DENIED**. A nunc pro tunc judgment, as of July 28, 2008, shall be entered in favor of Plaintiffs in the amount of $3,423.80 plus interest.  A separate Judgment Order will enter this day implementing the rulings contained herein.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:	May 14, 2009

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[4]  It is the practice of some courts to award attorneys' fees under 28 U.S.C. § 1447(c) in the form of judgments against the removing party.  *See, e.g.*, *Husko v. Geary Elec., Inc.*, 316 F. Supp. 2d 664, 675 (E.D. Ill. 2004).